**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

EDGAR A. BRANDON                                                                                                PLAINTIFF
ADC #611280

v.                                              5:17cv00152-BRW-JJV

W.C. "DUB" BRASSELL
DETENTION CENTER; *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Edgar A. Brandon ("Plaintiff") brings this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 2.) The only remaining claim in this matter is that Defendants Smith,[1] Brown,[2] Rose[3] and Canada-Johnson,[4] medical staff at the W.C. "Dub" Brassell Adult Detention Center, failed to treat Plaintiff's injuries after he was in an altercation with guards. (*Id*. at 5.)

Now before the Court is Defendants' Motion for Partial Summary Judgment. (Doc. No. 26.) After filing this Motion, the remaining excessive force claims were settled (Doc. Nos. 30-31), so the Motion for Partial Summary Judgment is dispositive of Plaintiff's cause of action.

---

[1] This Defendant's name is Darinda Smith. (Doc. No. 30 at 1.) The Clerk is directed to amend the docket to reflect her first name.
[2] This Defendant's name is Gygaryne Brown. (Doc. No. 30 at 2.) The Clerk is Direct to amend the docket to reflect the first name.
[3] This Defendant's name is Cornelia Rose. (Doc. No. 30 at 2.) The Clerk is directed to amend the docket to reflect her first name.
[4] This Defendant's name is Denise Canada-Johnson. (Doc. No. 30 at 1.) The Clerk is directed to amend the docket to reflect her first name.

Defendants say they are entitled to qualified immunity and contend they were not deliberately indifferent to Plaintiff's serious medical needs. (Doc. Nos. 26-28.) Plaintiff has not responded and the time for doing so has passed. Therefore, this matter is ripe for a decision.

After careful review and for the following reasons, I find Defendants' Motion for Partial Summary Judgment should be GRANTED. Plaintiff's claims fail to rise to the level of deliberate indifference and this matter should be dismissed.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).

Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. PLAINTIFF'S COMPLAINT[5]

On April 21, 2017, Mr. Brandon, while in jail awaiting trial, says he was in an altercation with jailers and they used force against him. (Doc. No. 2 at 5.) According to Plaintiff, detention officers sprayed him with "pepper spray . . . point blank in [his] eyes." (*Id.* at 14.) He says he was injured but "never even was looked at by the medical staff." (*Id.* at 5.)

## IV. ANALYSIS

### A. Official Capacity Claims

Plaintiff has sued Defendants in both their official and personal capacities. (Doc. No. 2 at 3.) Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id.* at 166. Thus, Plaintiff's official capacity claims against Defendants are to be treated as claims against Jefferson County. Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover,

---

[5] I note Plaintiff had also been complaining about the denial of dental care for a toothache as of March 31, 2017. (Doc. No. 2 at 9-12.) But that issue was not raised in the "Statement of claim" in his Complaint and is not part of this lawsuit. (*Id.* at 5.) The alleged failure to treat his toothache is factually unrelated to Mr. Brandon's claim that he was denied medical treatment after his altercation with jailers. Therefore, these claims are unsuited to prosecution in a single action against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2). Moreover, Plaintiff should not be allowed to defeat the filing fee requirements by joining multiple causes of action in one suit.

4

> although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91.  A municipality cannot be held liable under § 1983 on a *respondeat superior* theory.  *Id*. at 691.  *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535-36 (8th Cir. 1999).

Plaintiff has not identified any official policy or unofficial custom of Jefferson County that caused or contributed to his alleged injury.  Because Plaintiff makes no allegation that Defendants were implementing an unconstitutional policy or custom, his official capacity claims against them must be dismissed.

### B.     Personal Capacity Claims

Defendants contend they are entitled to qualified immunity on Plaintiff's personal capacity claims.  (Doc. No. 27 at 7.)    They argue Plaintiff's claims should be dismissed because Mr. Brandon has failed to show they were deliberately indifferent to his serious medical needs.  (*Id.*)

Qualified immunity protects government officials who acted in an objectively reasonable manner and shields an official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether a defendant is entitled to qualified immunity, courts consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[6] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009). Upon review of the record in this case, I find the facts shown, construed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments" on prisoners.[7] *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). An inmate advancing an Eighth Amendment claim based on medical care must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. *Id.* at 297. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed. *Id.* at 104-05. However, an inadvertent or negligent failure to provide adequate

---

[6] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson*, 555 U.S. at 236).

[7] Because Plaintiff was a pretrial detainee at the time of the alleged constitutional violations (Doc. No. 2 at 3), his claims are properly analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam). Nonetheless, the same "deliberate indifference" standard has been held to apply. *Id.* at 152-53 (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043 (8th Cir. 1989)).

medical care cannot be said to constitute "an unnecessary and wanton infliction of pain." *Id.* at 105.

Defendants contend they were not deliberately indifferent to Plaintiff's serious medical needs. (Doc. No. 27 at 5-6.) The evidence submitted in support of their Motion demonstrates they were not.

The incident report is dated April 21, 2017, with a time of "6:10 pm." (Doc. No. 27-1 at 2.) It explains what happened during the altercation and that afterwards Mr. Brandon was "escorted back to his cell and later seen by medical." (*Id.*)

Nurse's notes state that on April 21, 2017, at 1845 hours, "Deputy Brown escorted Detainee Edgar to the multi-purpose area and advised Nurse Canada-Johnson that the detainee had been sprayed. Nurse Canada-Johnson advised Deputy Brown that Nurse Canada-Johnson would see Detainee when going to his pod." (Doc. No. 27-2 at 1-2.) Notes from 1915 hours that same day state, "Detainee presented to pm pill call for pm meds, face red, alert and oriented x 3, [no signs and symptoms of] of distress. Ambulatory [without] assistance, took meds [without] difficulties and [no] complaints voiced [at] this time." (*Id.* at 2.) He was seen twice the next day at pill call with no issues noted. (*Id.*) Although the medical notes reveal Defendant Canada-Johnson did not see Mr. Brandon "when going to his pod" as initially stated, Mr. Brandon was seen relatively quickly at pill call. I recognize the incident report could have been completed hours later after the altercation, but Mr. Brandon was unquestionably seen the same day.

Based on the above, I find Defendants did not act with deliberate indifference to Plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to

provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain").

"Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d at 1346.  However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d at 646.  Although Defendants have not provided an abundance of evidence in support of their claim for qualified immunity, there is simply no deliberate indifference here.

> The United States Court of Appeals for the Eighth Circuit has explained:
>
> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

An allegation of negligence in diagnosing or treating a medical condition also does not constitute a claim of deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  *See also Smith v. Marcantonio*, 910 F.2d at 502 (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

The records that Defendants have presented – while not overwhelming – show Plaintiff received appropriate treatment in a timely manner.  They completely contradict his allegation he "never even was looked at by the medical staff."  (Doc. No. 2 at 5.)  Plaintiff's unsupported statements to the contrary are insufficient at the summary judgment stage.  *See Conseco Life Ins. Co.*, 620 F.3d at 909 (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569 (2000) ("When the movant makes a prima facie showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.")).  Therefore, Defendants are entitled to summary judgment.

In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds) (quoting *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)).  Plaintiff provides no proof that he suffered any detrimental effects for any delay in treatment.

For these reasons, Plaintiff has failed to show these Defendants were deliberately indifferent to a serious medical need by denying him treatment or medication.  Because the facts alleged or shown, construed in the light most favorable to Plaintiff, do not establish a violation of a constitutional or statutory right, Defendants are entitled to qualified immunity on Plaintiff's claims against them in their personal capacities.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' first names are Darinda Smith, Gygaryne Brown, Cornelia Rose and Denise Canada-Johnson. (Doc. No. 30 at 1-2.) The Clerk is directed to amend the docket to reflect their first names.

2. Defendants' Motion for Partial Summary Judgment (Doc. No. 26) be GRANTED.

3. Plaintiff's cause of action be DISMISSED with prejudice.

4. Pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of February, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE